UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

WILLIAM A.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

———————————————————————

**DECISION AND ORDER**
6:23-CV-06694-A

      Plaintiff William A., as the prevailing party in this social security benefits action, has filed a motion for attorney fees, in the amount of $17,908.75, pursuant to 42 U.S.C. § 406(b)(1)(A).  Dkt. No. 18.  The Commissioner of Social Security, having "no direct financial stake in the outcome of this motion," neither supports nor opposes the request by Plaintiff's counsel, Ida M. Comerford, Esq., for attorney fees.[1]  Dkt. No. 22.

      By statute, this Court may determine and award a reasonable fee not to exceed 25% of total past-due benefits to an attorney who secures a favorable judgment for a claimant in a social security case in federal court.  *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court").  Section 406(b) "does not displace contingent-fee

---

[1] With respect to a motion for attorney fees under § 406(b), the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002).

agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  Since section 406(b) is "not entirely self-explanatory," the Second Circuit, in "[s]eeking to provide…guidance" on the issue has held that "where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fields v. Kijakazi*, 24 F.4th 845, 852-53 (2d Cir. 2022) (internal quotation marks and citations omitted).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary…, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Here, Plaintiff entered into a fee agreement with his attorney whereby Plaintiff agreed to pay attorney fees equivalent to 25% of the past-due benefits awarded to Plaintiff.  Dkt. No. 18-5.  After this lawsuit commenced in federal court, Plaintiff was awarded $108,435.00 in past-due benefits.  Dkt. No. 18-3.  The requested fee of $17,908.75 is less than 25% of the past-due benefits,[2] and less than the 25% statutory limit and the amount provided for under the fee agreement.  Yet the inquiry

---

[2] The Social Security Administration withheld $27,108.75, that is, 25% of the past-due benefits, for attorney fees, but noted that $9,200.00 had already been paid to the person who represented Plaintiff before the Social Security Administration, leaving a balance of $17,908.75 to pay Ida Comerford, Esq.  Dkt. No. 18-3.

does not end there as this Court must still determine whether the requested amount is reasonable.  To do that, the Second Circuit has looked to "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht*, 535 U.S. at 808. Moreover, there is no indication of "fraud or overreaching in the making of the contingency agreement" or that this fee is a windfall.  *See Fields*, 24 F.4th at 849. Timesheets submitted by Plaintiff's counsel reflect that Plaintiff's attorney logged 30.1 hours at the federal court level, for an effective hourly attorney rate of approximately $594.97.  Dkt. No. 18-6; *see* Dkt. No. 18-1, p. 10.  This amount is reasonable.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case.").  Additionally, although counsel requested extensions of time to file Plaintiff's motion for judgment on the pleadings, those requests "did not unreasonably delay the proceedings in an attempt to increase counsel's legal fees."  *Wendy H. v. Comm'r of Soc. Sec.*, 1:21-CV-00113-EAW, 2023 U.S. Dist. LEXIS 146432, *6 (W.D.N.Y. Aug. 21, 2023).

For these reasons, Plaintiff's counsel's $17,908.75 fee request is granted under 42 U.S.C. § 406(b)(1)(A).

Previously, Plaintiff's counsel has been awarded and received $7,339.41 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Dkt. Nos. 16, 17.  The fee granted herein exceeds the EAJA fee; thus, Plaintiff's counsel must refund the $7,339.41 EAJA fee to Plaintiff.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) ("We believe that Congress clearly intended the two statutes to work in conjunction and that dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client.").  Accordingly, it is hereby

**ORDERED** that counsel's motion for attorney fees (Dkt. No. 18) in the amount of $17,908.75 under 42 U.S.C. § 406(b)(1)(A) is **GRANTED**.  The fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy; and it is further

**ORDERED** that Plaintiff's counsel is directed to refund to Plaintiff the $7,339.41 EAJA awards already received within 14 days of receiving the § 406(b) award.

**IT IS SO ORDERED**.

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  May 11, 2026
         Buffalo, New York

4